UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FREDERICK ALTICE,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     3:08cv1939 (WWE) |
| NATIONWIDE MUTUAL INSURANCE COMPANY,<br>    Defendant. | :<br>:<br>:<br>: |

## MEMORANDUM OF DECISION ON
## DEFENDANT'S MOTION TO DISMISS

Plaintiff Frederick Altice brings claims stemming from his insurance policy with defendant insurer Nationwide Mutual Insurance Company. The Court previously granted in part (Doc. #12) defendant's motion for a more definite statement. In response, plaintiff filed his second amended complaint (Doc. #14). Now pending is defendant's motion to dismiss (Doc. #17) that complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has not filed a response.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

## BACKGROUND

For purposes of ruling on a motion to dismiss, the Court accepts all allegations of the complaint as true.

The Court recited the facts of the case in its ruling on defendant's motion for a more definite statement and will not recount them here.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support

1

thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader.  Hishon v. King, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible.  Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007) (applying flexible "plausibility standard" to Rule 8 pleading), rev'd on other grounds sub nom., Ashcroft v. Iqbal, 2009 U.S. LEXIS 3472 (May 18, 2009).

**I.    Res Judicata Issues**

Defendant moves for dismissal first on the grounds that plaintiff's current claims are barred by res judicata.  Accepting the allegations of plaintiff's complaint, plaintiff suffered injuries as a result of a car accident with an uninsured motorist.  When defendant failed to settle with plaintiff, he was forced to file suit and secure a jury verdict against the insurer.  Defendant argues that plaintiff should have brought any claims for such costs of litigation in that first suit.

Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a suit involving the same parties based on the same cause of action.  Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 502 (2001).  In determining whether an action is barred by res judicata, the Court must first determine whether the second suit involves the same "claim" or "nucleus of operative fact" as the first suit.  Waldman v. Village of

Kiryas Joel, 207 F.3d 105, 108 (2d Cir. 2000).  Three indicia are crucial to the determination of whether this doctrinal bar applies: (1) whether the underlying facts are related in time, space, origin, or motivation, (2) whether they form a convenient trial unit, and (3) whether their treatment as a unit conforms to the parties' expectations. Interoceanica Corp. v. Sound Pilots, Inc., 107 F.3d 86, 90 (2d Cir. 1997).

      Defendant relies on the Connecticut Supreme Court's ruling in Powell v. Infinity, 282 Conn. 594 (2007).  In Powell, the Supreme Court addressed an analogous situation to the present one, except the appeal was of an order granting summary judgment.  The Supreme Court held that the plaintiff's claims related to the insurer's failure to negotiate in good faith were barred by the court's judgment in the underlying case.  It is clear from the Supreme Court's opinion that it had more information about the underlying action, including the nature of the claims.  It is not apparent if such information was offered through the complaint or the evidence in support of summary judgment.

      Here, the Court has no information about the underlying action.  None of the pleadings from that case were filed in this case, nor has the Court been asked to take judicial notice of any of the pleadings or judgment in that case.  Therefore, it would be premature to dismiss this case at this level based on Powell.  There is insufficient information before the Court to determine whether res judicata applies.  Although the Court will deny defendant's motion, it will do so without prejudice to defendant reasserting it at the summary judgment stage.

## II.    Failure to State a Claim for Bad Faith

      The second argument advanced by defendant is that the first count of plaintiff's

3

complaint fails to allege facts sufficient to establish bad faith.

A plaintiff asserting a claim for bad faith must show:

> first, that the plaintiff and the defendant were parties to a contract under which the plaintiff reasonably expected to receive certain benefits; second, that the defendant engaged in conduct that injured the plaintiff's right to receive some or all of those benefits; and third, that when committing the acts by which it injured the plaintiff's right to receive benefits he reasonably expected to receive under the contract, the defendant was acting in bad faith.

Franco v. Yale Univ., 238 F. Supp. 2d 449, 455 (D. Conn. 2002) (addressing claim for breach of covenant of good faith and fair dealing).  The Connecticut Supreme Court has recognized:

> Bad faith is defined as the opposite of good faith, generally implying a design to mislead or to deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation not prompted by an honest mistake as to one's rights or duties.... Bad faith is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity ... it contemplates a state of mind affirmatively operating with furtive design or ill will.

Buckman v. People Express, Inc., 205 Conn. 166, 170 (1987).

The Supreme Court has held that a complaint in federal court must be read pursuant to a notice pleading standard.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).  The complaint must contain "only enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 569.  This simplified notice pleading standard is provided by Federal Rule of Civil Procedure 8(a)(2) and "relies on liberal discovery rules and summary judgement motions to define disputed facts and issues and to dispose of unmeritorious claims."  Swierkiewicz, 534 U.S. at 512.  "The

4

provisions for discovery are so flexible and the provisions for pretrial procedure and summary judgment so effective, that attempted surprise in federal practice is aborted very easily, synthetic issues detected, and the gravamen of the dispute brought frankly into the open for the inspection of the court." Id. at 512-513 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure, ¶ 1202, p. 76 (2d ed. 1990)). Although Connecticut state courts require the pleading of facts to support a claim, this Court only requires that the complaint put defendant on notice of the claims. See Stern v. General Electric Co., 924 F.2d 472, 476, n.6 (2d Cir. 1991).

Here, viewing the complaint most favorably to plaintiff, he sets forth allegations of defendant's acting in bad faith that may, after proper discovery, support his claim. See Van Dorsten v. Provident Life & Accident Ins. Co., 554 F. Supp. 2d 285, 287 (D. Conn. 2008). Specifically, paragraph 4 of the Second Amended Complaint provides sufficient notice to defendant of the claim against it. Dismissal at this stage of the pleadings would be premature and inappropriate. The Court will, accordingly, deny the defendant's motion to dismiss Count One of the plaintiff's complaint and leave plaintiff to his proof.

### III.  Plaintiff's CUTPA Claim

Defendant moves for dismissal of plaintiff's claim under the Connecticut Unfair Trade Practices Act ("CUTPA") on three points. Generally, it asserts that plaintiff's three-part claim under CUTPA is insufficient as a matter of law.

Plaintiff claims under section 38a-816(1) of the Connecticut General Statutes that defendant misrepresented its willingness to cover losses caused by uninsured motorists. In addition, by incorporating into Count Two allegations those paragraph

5

alleged in support of Count One, plaintiff also alleges that defendant refused to settle the outstanding claims in good faith.  Subsection (1) "prohibits misrepresentations and false advertising of insurance policies."  Heyman Assocs. No. 1 v. Ins. Co. of Pa., 231 Conn. 756, 794 (1995).  To assert a claim, plaintiff must allege that defendants made a "purposeful misrepresentation."  Oak River Co. v. Ferreri, 2002 U.S. Dist. LEXIS 17670. *12 (D. Conn. Aug. 29, 2002).  Because plaintiff has failed to allege that defendant made a purposeful or intentional misrepresentation that induced him to enter into the insurance agreement, dismissal is appropriate as to his claim under section 38-816(1).

Plaintiff also alleges that he was discriminated against on the basis of his sexual preference in violation of the Connecticut Constitution and section 38a-816(6).  This count will also be dismissed.  First, a claim under section 38a-816(6) requires allegations of a "general business practice" as an element of its violation.  Lacking any such allegations, dismissal is appropriate.  Second, there are no factual allegations contained in the complaint connected to this legal conclusion to make it viable.  See Ashcroft v. Iqbal, 2009 U.S. LEXIS 3472, *32-33.  Finally, the Connecticut Constitution does not prohibit such discrimination by private entities, were it sufficiently alleged.  Because there are no allegations that defendant is a public entity, a claim under the Connecticut Constitution fails.

Finally, as to plaintiff's claim of improper and unfair settlement practices under section 38a-816(6), as stated above, any such claims require allegations of a "general business practice" with sufficient frequency.  Lees v. Middlesex Ins. Co., 229 Conn. 842, 849 (1994) ("[D]efendant's alleged improper conduct in the handling of a single insurance claim ... does not rise to the level of a 'general business practice' as required

6

by § 38a-816(6)."); see also Martin v. Am. Equity Ins. Co., 185 F. Supp. 2d 162, 168 (D. Conn. 2002). Because there are no such allegations, plaintiff's claim will be dismissed.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss (Doc. #17) as to plaintiff's claims under CUTPA and DENIES the motion as to plaintiff's claim of bad faith. Plaintiff is instructed to file an amended complaint within ten days of the filing of this ruling.

Dated at Bridgeport, Connecticut, this 27th day of May, 2009.

                                              /s/
                                     Warren W. Eginton
                                     Senior United States District Judge